787 F.2d 590
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KENTLAND-ELKHORN COAL COMPANY, QPetitioner
v.
NORA LEE BRYANT, WIDOW OF FREDERICK A. BRYANT and DIRECTOR,
OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondents.
 85-3320
 United States Court of Appeals, Sixth Circuit.
 3/10/86
 
 REMANDED
 Ben.Rev.Bd.
 ON PETITION FOR REVIEW FROM BENEFITS REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR
 Before: MERRITT and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this claim for survivor's benefits under the Black Lung Act, the deceased miner's widow and the employer agree that an autopsy of the decedent shows evidence of black lung disease which gives rise to a rebuttable presumption of total disability due to black lung disease under 20 C.F.R. Sec. 727.203(a)(1) (10 years of coal mining plus autopsy establishing 'existence of pneumoconiosis' creates presumption of total disability due to pneumoconiosis at time of death). The parties also agree that the ALJ erred in refusing to allow the employer to rebut the presumption under subsection (b)(2) (presumption rebutted if miner is able to do usual or comparable work) by showing that at the time of death the miner was, in fact, performing and was able to perform 'his usual coal mine work' or comparable work. The Benefits Review Board held this error to be harmless reasoning somehow that the ALJ, in ruling on the rebuttable presumption under subsection (b)(4) (presumption rebutted if pneumoconiosis arose other than from coal work), broadly rejected the testimony of Dr. Swoyer, the only medical evidence the Board believed that could be used to rebut the presumption under (b)(2) if rebuttal had been allowed. The problem with the Board's harmless error ruling is that a fact finder could easily reject Dr. Swoyer's medical testimony under (b)(4) without rejecting his or other testimony as support for the proposition that the decedent was not disabled. In view of the fact that decedent was working for the company on the day he died, this letter proposition is much stronger and easier to support in this case then the (b)(4) proposition. The fact finder must focus his attention and adjudicate the employer's defenses. Refusal to consider them is not harmless error. Therefore, we disagree with the Benefits Review Board that the error of the ALJ was harmless and remand the case to the Board for reconsideration by the ALJ so that the presumptions can be correctly applied.